Next case is Jane Doe v. Law School Admission Counsel. This is Bruce. May it please the court, I'm Jennifer Bruce representing Jane Doe, the appellant as amicus counsel. And with the court's permission, I'd like to request two minutes for rebuttal. Granted. Thank you. Your honors, Ms. Doe is simply here asking to have her day in court. This circuit applies the capable of repetition, yet evading review exception to the mootness doctrine to prevent claims like Ms. Doe's from perpetually escaping court review. Today we ask this court to reverse the lower court's dismissal of Ms. Doe's claims, to remand this case for trial, and to grant Ms. Doe a preliminary injunction for three reasons. First, the district court did not lack subject matter jurisdiction because Ms. Doe's claims fit within the well-recognized exception to the mootness doctrine, capable of repetition yet evading review. Second, Ms. Doe pled sufficient facts in her pro se complaint to survive a 12B6 motion for dismissal. And third, the district court abused its discretion when it failed to grant Ms. Doe a preliminary injunction to compel the Law School Admissions Counsel to grant her accommodations. Why should... Oh, go ahead. I wanted to talk about counts one and four. Okay. Okay. So when you think about count four, the complaint speaks generally in terms of coercion, threat, intimidation, and interference. And I wondered if you could help me, what are the specific allegations that implicate this type of behavior in count four? Your Honor, on appeal, we are only contesting the dismissal of count three, which was the failure to reasonably accommodate. Okay. So one and four... Very good. Why shouldn't we follow the Tenth Circuit's lead in the Cunningham case? And to give you a little more specifics about my concern in that regard, we do certainly have the capable of repetition but evading review doctrine. But inherent in that doctrine is that a party can't prevent her case from being reviewed. A party needs to pursue it in a proper way. And here, like Cunningham, I don't see any sort of final decision from the Law School Admission Council as to whether, in fact, your client would have an accommodation. There was a request for documentation. No documentation was provided. And I didn't see anything in the record where your client said, I'm standing pat. I have no documentation. I need my accommodation without documentation. I didn't see anything like that, which seemed to be a necessary final step for your client to get a final decision, yes or no, on the question of accommodation. Your Honor, Ms. Doe did ask for accommodations and the Law School Admission Council responded and said that they needed more documentation, which was effectively a denial. In Ms. Doe's complaint, I believe it's on page 25 of the joint appendix, she does say that she attempted to get these records, but she can't obtain them. And that's why she finds herself in court. So did she ever tell them that? She's pleaded that in the case, but did she ever tell the Law School Admission Council, you've asked for documentation, I don't have any, or I do have some, but privacy concerns I'm not providing. I didn't see anything like that. Did that happen? I believe she alleged that in her complaint. Where? Just in the complaint on joint appendix 25. Can you just read the paragraph for us that you're relying on? Or paragraphs? It's on the second line of that page. Jane Doe attempted to get school records, but they have been destroyed due to time. But I think Judge Hardiman is asking, what does it say about her notifying LSAC and LSAC nevertheless denying it? I mean, I don't know how to read the previous sentence, however, the LSAC is illegally denying Jane Doe accommodation requests because Jane Doe's school records are 40 years old. So she's not coming out and saying she told LSAC, but there appears to be some connection between she tried to get this school record and LSAC is denying this. It's just not very explicit, but this is a pro se pleading. What do we do with that? I do believe in her statement of need for accommodation attached to her application to the Law School Admissions Council. I don't know the page offhand, I apologize. I do believe that she stated that she did not have the records. But here at this stage, we ask this court to look to the facts that Ms. Doe has pled in her complaint. Okay. So let me take you to that, which I think was the second of your points. I think a lot matters here on what we do with her complaint and how we construe her complaint. And I don't think maybe the briefing has teased out as clearly as possible. Is her claim, and let's walk through the complaint on what you say about it. Is she challenging the denial of her particular request for accommodation? Is she making a prime evasion challenge to LSAC's requirement of all this documentation in the first place? Is she making both of these claims? I think mainly she's focusing on the denial for the April 2015 request and the September 2016 request. The denial for those... Well, those are moved, though. Yeah, you've got a problem if you just want to say it's that. I thought you had to focus on an upcoming exam. And that's why we ask this court to apply the capable of repetition exception because But aren't there many, I've seen some cases, these cases are litigated. As a matter of fact, they haven't evaded review, right? I think there's a precedent step you've jumped over, which is why aren't you trying to construe this complaint as asking for future accommodations? I look at joint appendix 33, the prayer for relief, paragraph A is asking for free and accommodated testing at the next available testing date. There's some inconsistency inside the complaint. There are places where she mentioned 2015, 2016, but if this is a pro se, she wrote it herself. Don't we construe it liberally as she's asking for those dates or going forward the next chance she gets. She moved to D.C. So I don't understand why you're confining yourself to 2015 and 2016 and just arguing, yeah, our order appointed you to argue capable of repetition, but it seems like there's a precedent question before we get there. I apologize, Your Honor. We do ask this court to grant accommodations on the next admission, and we do point to the prayer for relief to show that Ms. Doe does show a reasonable expectation that she's going to seek. So let's talk about that. Then when's the next test? I believe the next test would be in December, December 2019. So has she has she applied to take that test? Not at the moment, Your Honor. Has she asked the LSAC for an accommodation on that test? No, because that's exactly why we asked this court to apply the capable of repetition exception. But how do we know if she fills out an application and asks for the accommodation and they say we need documentation and she says, here's my documentation, then they may grant her accommodation. Right? Or there are many different things that could happen. She might say, here are my documents, they review the documents to say, you're all set, here's your accommodation. Another way it could go is, I have no documents, I have nothing to give you, and then they respond and say, well, our policy is, as I understand it, we'll hear from Mr. Burgoyne, our policy is you need some documentation, you're out, you don't get your accommodation. Then she could go to a district court and ask for a mandatory injunction for the accommodation. Right? And that could be litigated before the December exam. And in fact, I believe we'll hear again, aren't there some cases where that's actually been litigated? No, Your Honor. Ms. Doe would only have a short window of time. No accommodations have ever been litigated prior to the test. Well, just because a few cases could be fully litigated. Well, I'm asking, I'm asking for your, what the facts are. Have there been cases of accommodation litigated in a timely fashion such that the person was able to take the test with accommodation? The Law School Admission Council does point to some cases that were decided, however none of those cases were able to be fully litigated within a few short months. So the person didn't get to take the test? Not four months out, as Ms. Doe would have to do when she brought her complaint to this court, which is why she needs that first prong of the exception, too short in duration. This court in Merrill said that a two-year window is insufficient to fully litigate, because full litigation includes an appellate review. Ms. Doe would not be able to seek a decision on the merits and also get an appellate review within a few short months, which is why we need to apply this capable of repetition exception. And further, Ms. Doe's future hypothetical claims, that goes more to ripeness, and this court has said that ripeness and mootness are bookends here. So we can see through Ms. Doe's struggle to find herself in court, her claims would continuously cycle between moot and then not ripe, which is why we need to apply the capable of repetition exception, because here the four-month window... Why wouldn't the December case that we're hypothesizing, why wouldn't that be ripe? She files the application next week. She asks for accommodation. If they respond in a timely fashion, she... I mean, I would assume there would be a two-week or three-week back and forth on the documentation, and then it would be a ripe case, wouldn't it? If they deny her the accommodation that she's claiming she's entitled to, that would be a ripe case for the district court, wouldn't it? Correct.  But she's still going to find herself in the same situation that she's in now, where her claims are going to become moot in just a few short months because of the short nature of these claims here. Well, then you'd have to make sure that she applied to every test. I mean, if that were the... She could aver. I'm just going to keep applying for every test. Well, Ms. Doe here has to show that there's a reasonable expectation that she will be subject to the same treatment again, and here the court has looked past in Doe v. Weiner at a patient's past medical history to determine whether future events are more likely to happen, and Ms. Doe has showed a demonstrated probability, based on the permanence of her disabilities, that she's going to seek accommodations again. Let's assume we... And she's also averred that she moved. She's going to pursue this. This is not, you know, kind of a one-off thing. She's consistently going to try to pursue this. Correct, Your Honor. Ms. Doe has expressly stated, especially in her prayer for relief on Joint Appendix 33, that she would like accommodations on the next test, and it can be readily inferred here that she's going to be subject to the same treatment again. LSAC's policies have not changed since the first denial, and in Merle the court looked to the permanence of the law at issue to predict whether the same treatment would happen again in the future, and that's the same here. Let's assume that we agree with you that this is a capable repetition, and I understand this is... We asked you specifically to brief capable repetition. Doesn't she have a problem on her injunction claim showing a reasonable likelihood of success on the merits if she provided no documentary evidence to us that she's disabled? All she does is say that she is. Ms. Doe just needs to show a significantly better than negligible chance that she could succeed on the merits. And here at this stage of the litigation, because Ms. Doe has not gone through a discovery process yet, we need to rely on the facts. She doesn't need discovery from someone else for showing a disability. She should have something of her own to show it. She's not alleging that she has anything beyond her say-so that she's disabled. So how does she have a reasonable likelihood of prevailing on the merits? Why does she need discovery to convince us that she's got that? Ms. Doe has pled enough facts that if we reasonably expect that discovery could show their veracity at trial, that she could make her claim. Walk me through the facts that she's alleged that will be substantiated by discovery that will give her a reasonable likelihood. Ms. Doe has alleged that she has ADHD, dyslexia, and other learning disabilities, and this is found on Joint Appendix 21 to 22. She's alleged that she has it. What's going to show that? She's alleged that her reading is excessively labored and slow, and she's also referenced past standardized tests, which she's received accommodations for, like the SAT stockbroker's license. Those could be obtained through maybe a subpoena power during the discovery process, and some of these records are decades old and difficult for Ms. Doe, who struggles with communication, reading, and writing, to obtain on her own. And further, she's also pled that she was tested previously and been diagnosed with permanent disabilities. Okay. Thank you, Ms. Bruce. Mr. Burgoyne. Thank you, Your Honor. Robert Burgoyne of the firm Perkins Cooley, appearing on behalf of the Law School Admission Council. The Court is obviously very familiar with the facts of the case, so I won't repeat any of the information in our brief. Responding to your question, Your Honor, regarding the Cunningham case, we think that is directly on point. The brightness issue really has two prongs. One is what was in the complaint and whether or not there were averments there that would suggest a continued intention to take the LSAT and request accommodations. But two, the problem of... Right, and that's been shown, right? Well, there are averments in there that very liberally construed would arguably overcome the other averment in her complaint, that she was only complaining about past exams. So you're correct. So she gets over that hurdle. So we give her the benefit of the doubt. She gets over that hurdle, although we also have the fact that the district judge said to her, I'm not sure what you intend to do here. I'm going to give you 14 days to amend your complaint. So she certainly had the opportunity, to the extent there was confusion, to clean up that aspect of the case. But if she gets over that, we still find ourselves in a situation where LSAC has never made a decision. Okay, I have two problems with that. The first one is on page 10 of your brief, you appear to suggest that LSAC has a policy of neither granting or denying accommodation requests until it gets the documentation. So if that's a policy, she's kind of in a catch-22. Well, I don't know that she's in a catch-22. She could file a request for accommodations tomorrow for the December exam. Right. Request accommodations, and if she comes in for the first time and supplies any documentation. But, okay, here's the problem. Page 10 says you don't reach a decision until she supplies documentation. Correct? We can't reach a decision. You can't grant or deny until she's... Can't grant or deny. Well, then she's caught, and this ties into the other thing, which is I think you can read Joint Appendix 25 in her complaint. It also says illegally denying this accommodation request because she doesn't have the school records. You could read this complaint as a challenge to the policy of requiring so many school records. I don't know that that prevails on the merits, but if it is such a policy, then you don't have to provide the documents before you challenge the policy of requiring the documents. I don't think the premise that there is that policy is accurate. What LSAC's policy is, is that in order to obtain accommodations, you have to provide some documentation that you are disabled within the meaning of the Americans with Disabilities Act. All right, so what happens if someone fails to provide documentation? You just, as I understand it, you sit on your hands and do nothing, and if they don't provide any documentation, you never give them an answer. Is that right? We do not give them an answer. All right, now what if they send you a letter or an e-mail that says, I have no documentation, then what happens? Then at that point, as in any ADA case, the regulated party is not obligated to provide the accommodation. But do you respond? When they send an e-mail saying, I have no documentation, do you send a letter, an e-mail, something saying, well, if you don't have any documentation, we're sorry to inform you, we're not giving you an accommodation? We tell the candidate what documents they need to provide. And keep in mind, in this case, she identified 10 or 15. No, but I'm asking you what happens when they say, I have no, you tell them what to provide, and then they say, I have nothing, I have no documents, then what happens? Well, ultimately they say, I have no documentation, and I do not intend to provide any more documentation because I don't have any. At that point, presumably, the decision will be, your request is denied, you have not demonstrated the need for accommodation. What do you mean presumably? I mean, that's, well, I think this gets to Judge Bevis' catch-22 concern, because the issue has to get joined at some point, as far as I can tell. You've got to tell that. Now, if you say, give us documentation, and they go silent on you, I don't know how you could be held liable or blameworthy for just not doing anything. You've got a lot of people applying for your test. But when they respond to your demand, let's call it, for documentation with, I don't have any, or I'll give them to you in two months or something, it seems to me you need to join the issue. You need to do something and make a decision one way or the other, or engage in the interactive processes is quite common in these areas. Yes, it is. There was reference in the complaint to a consent decree. Under that decree, what LSAC does is engage exactly in that interactive process. It's required to identify the documentation that was missing and to give the candidate the opportunity to provide that documentation, which is what it does. Now, if the candidate does, and I don't think Ms. Doe ever did this, in terms of saying to us, I don't have any documentation, I'm never going to give you any supporting documentation, then at that point issue is joined, and I think LSAC would say, then your request for accommodation is denied. Right. Instead of telling you something and responding, she went to court. Exactly. Instead of amending, she went to court. Okay. But help us with capable of repetition yet evading review. How can we have confidence that if tomorrow she applies for the December test, seeks an accommodation, responds to your demand for documentation, how can we be confident that that can be litigated in time for her to take the December test, either with or without accommodation? Assuming, for the sake of argument, that the allegations in her complaint are adequate, based on that she averts that she wants it, then she's gotten over the hurdle at that point. She's established rightness, which is what we said in our papers. What was missing here were allegations regarding her future intentions. If she gets over that hurdle, she'll be able to litigate this case. Many of these cases are litigated. Which ones? Give us some examples. The Black v. National Board of Medical Examiners, Florida case, district court case. Love v. Law School Admission Council, Eastern District of Pennsylvania case, deciding on the marriage. This case is like cases, deciding cases involving accommodations and standardized tests. So that means if we believe, looking on the record as we are, that she has expressed sufficiently a desire to apply in the future and follow this process, then the capable of repetition, the unabating review, in your view, would apply. Well, I think it's important to look at two things. One is the historic exams, which have already come and gone. Any claims she had for relief as to those exams are clearly moot, because the only relief available under the AADA is prospective relief. But as to future exams, her claims are ripe, and she has claims going forward to challenge any action by LSAC relative to those requests. Now, in order to get a ripe dispute that is capable for meaningful review by the district court, there should, in our view, be a decision by LSAC on the merits of that request for accommodations after she submits a request with documentation. So that means we're stuck. I don't know that you're stuck, Your Honor, that if a court concludes that's been posed to you, if I understood everyone, we're stuck, right, because in response to your request for documentation, she's, you know, that's all I have, or there's nothing more, or the records aren't available, or whatever, then there's going to be no movement. Well, there will be movement if she says, I'm not giving you any further documentation. At that point, the request is denied. But she's got the ability to get documentation. It's not just a question of all these records are old. If she doesn't have historic records, the appropriate step for her to take is to get documentation from a qualified professional. Well, the December hypothetical posed by my brother over here, how does the doctrine not apply? She applies for December. You say no. She tries to litigate. Basically, the complaint will be filed by December. Even a preliminary injunction in that circumstance would be hard to move through in time for the exam. We don't contest it. Why isn't the smart way to resolve this is apply the doctrine and then let the chips fall while they may? We don't contest that the court will have ongoing jurisdiction if you conclude that the averments in the complaint are adequate to suggest a future intention to seek accommodations and to take the LSAT. If you construe the complaint that way, this case continues and doesn't get dismissed for lack of subject matter jurisdiction. That deals with the ripeness piece of things. But I do think that the ripeness analysis is different depending on whether we understand this to be a request to take a particular test only or whether we understand it as a challenge to the documentation policy. If we construe the complaint as challenging the policy requiring so much, this may well fail on the merits. But I don't understand how she has to do more if she says the ADA forbids erecting these documentation requirements in the first place. The most I've heard you say is that presumably at some point LSSA will give a formal denial, but according to page 10 of your brief and the way you started out your argument, it seems that ordinarily you just sit it out and wait until you've been given the documentation. Your response at argument just now was, well, she can hire a physician, pay $5,000, get an evaluation now. Again, that might be enough of a defense on the merits, but her complaint can be read as it is discriminatory against the disabled to require me to spend $5,000 I don't have. Maybe that fails on the merits, but why isn't that enough to tee up the challenge to the documentation? Your Honor, again, if the averments are adequate and she's established subject matter jurisdiction, that's a claim she's entitled to pursue in addition to her failure to accommodate. Now, there's a separate question whether a plaintiff who has never established that he or she has a disability within the meaning of the ADA has any standing to challenge a policy in that regard, but that's a separate issue. She can make that argument. We would, of course. Why wouldn't she have – she certainly has constitutional standing because she's being adversely affected by not being able to take the test. Is there some – Well, her claim that's in the lawsuit currently is you failed to accommodate me. You violated the ADA by failing to accommodate me. Right. Okay? And our view, and as the court appears to recognize, in order to have a likelihood of succeeding on such a claim, you have to establish that you're covered by the ADA. Right. Right. But isn't there – I thought your argument was we didn't fail to accommodate her because we haven't even made a decision on accommodation. We have not failed to accommodate her. So the case – we've got a difference of opinion here. Ms. Bruce said that the LSAC effectively, her word, denied Ms. Doe. And as I read your papers, you're not saying you've denied her anything. You're saying we asked for information, she didn't provide any, and that was that. Well, our position is we have not made a decision on the merits of whether she is entitled to accommodations and would be able to do that if she documented her request. All right, but to get back to Judge Bevis' initial question, it's easy to see how you make a decision when she documents her request. But what if she doesn't document her request? What if she doesn't – says I don't have anything? Does she get a final decision? Does she get a final decision from LSAC? If she doesn't document the request and says I don't have any and I'm not going to provide any, she gets a final decision denied. And what does that look like, a letter, an email? It gets an email – candidates receive emails with a final decision from LSAC regarding their accommodation. So there would be – your client has sent out emails saying, now that you've told us you're not providing documentation, we're informing you that your request for accommodation is denied. And you've actually done that? I'm confident that within the thousands of accommodations requests they have gotten, candidates who provided no documentation were told your request is denied. But it doesn't – it's not self-executing as I understand it, though. You don't say – you don't have a tickler system that if in 14 days we hear nothing, we send a denial. You just – you sit back passively. You only respond if they affirmatively tell you they're not providing documentation. That would be correct, Your Honor, and precisely because we have been instructed we need to be as interactive as possible with the candidate and give the candidates information on what they need to provide and then the meaningful opportunity to provide that documentation. Anything else? Okay, thank you, Mr. Burgoyne. We'll hear a rebuttal from Ms. Bruce. Your Honors, I would just like to address two points. First, there's a difference between Ms. Doe not having documents or documents not existing and Ms. Doe having difficulty obtaining the documents herself. On Joint Appendix 25, she references an affidavit that she did send to the Law School Admissions Council about her accommodations in the past. And also on Joint Appendix 65, Ms. Doe references her attempts to obtain some records and her difficulties obtaining those records, which is why we asked Ms. Doe should not have to approve her disability to have her day in court. She simply needs to allege enough facts that show she has a likelihood of success if they were substantiated or approved through discovery. But shouldn't we have a final decision from LSAC before the courts get involved in these things? No, Your Honor, because Ms. Doe, the only documentation she has, she has not obtained anything else further since that request. The same thing is going to happen again in the future, whether or not Ms. Doe... No, but the reason she didn't get anything is they asked for information and she went silent. She didn't... Correct, but if Ms. Doe were to continuously apply to them, she does not have these records. She doesn't? Well, all right, we're going back and forth, but I don't understand why she didn't tell them, I don't have any documents or I can't get them or they're too old or they're unavailable. But anyway, why does this evade... Clearly, this is capable of repetition because we've seen that she's been applying to a variety of exams. But why does it evade review? The typical case in the Eastern District of Pennsylvania, for example, from start to finish lasts five months. Typical injunction case would last a lot shorter than... If the typical case that's not an equitable action where there's emergency procedures, why couldn't a district judge have a hearing, get a complaint a week later, have a hearing on a preliminary injunction, make a decision a week later? Injunctions that... I was only a district judge for three and a half years, but it never took more than a few weeks to decide a preliminary injunction. So why is four months an insurmountable time horizon to litigate an injunction? I see that I'm out of time. May I just answer your question? Absolutely. The question is not whether it could be accomplished in a couple months in some circumstances. We're supposed to look at Ms. Doe's claims here and the nature of them and whether they can be fully litigated. And full litigation, this Court in Brody referenced, that includes the appellate process.  And fully appeal this claim within a four-month window. Okay. So your argument is it has to go all the way through the appellate process? Yes. Okay. All right. Okay. Thank you, Ms. Bruce. Thank you, Supervising Attorney Mr. Foreman. The Court's grateful for the pro bono assistance of the Penn State Litigation Clinic. We thank Mr. Burgoyne as well for the argument. Very helpful from both sides, and we'll take the matter under advisement.